FILED
U.S. DISTRICT COURT
2009 JUL 21 AM 10: 21
CLERK _C.Odell_
SO. DIST. OF GA.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### WAYCROSS DIVISION

| | |
|---|---|
| GARY DALE CRAIGMILES, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> THOMAS AMMONS, Warden, ) <br> ) <br> Respondent. ) | CIVIL ACTION NO.: CV508-056 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Gary Dale Craigmiles ("Craigmiles"), an inmate currently incarcerated at Autry State Prison in Pelham, Georgia, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction in the Superior Court of Charlton County. Respondent filed an Answer-Response and a Motion to Dismiss. Craigmiles has filed a Response. For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Craigmiles pleaded guilty to two (2) counts of aggravated child molestation and eight (8) counts of child molestation in the Charlton County Superior Court on September 21, 1998. Craigmiles was sentenced on October 8, 1998, and received a "split" sentence of 30 years' imprisonment, 20 years to serve on each count of aggravated child molestation, concurrent, and 10 years on each count of child molestation, concurrent. (Doc. No. 14-2, p. 1). Craigmiles executed a state habeas

AO 72A
(Rev. 8/82)

corpus petition in the Mitchell County Superior Court on January 30, 2007, and that petition was filed on February 13, 2007. Mitchell alleged that: his plea of guilty and waiver of a jury trial were unconstitutional; his plea was not voluntarily or intelligently made; the trial judge did not mention the proper standard of performance to his attorney; his plea bargain was not kept; and he received ineffective assistance of trial counsel. (Doc. No. 1, p. 4). Craigmiles' state habeas corpus petition was denied on September 24, 2007. The Georgia Supreme Court denied Craigmiles' application for certificate of probable cause to appeal on April 21, 2008. (Id. at 1-2).

In this petition, which was filed on July 17, 2008, Craigmiles asserts that: 1) judicial misconduct occurred during his state habeas corpus proceedings; 2) his guilty plea was not voluntarily or intelligently made; 3) the plea bargain was not kept; and 4) he received ineffective assistance of counsel.

Respondent asserts that Craigmiles' petition should be dismissed because it was filed untimely. Craigmiles contends that he claimed "actual innocence" prior to his sentencing. Craigmiles also contends that his attorney failed to file a direct appeal, and he cannot be held accountable for his attorney's failure.

## DISCUSSION AND CITATION TO AUTHORITY

A prisoner must file a petition for writ of habeas corpus in federal court within one (1) year. 28 U.S.C. § 2244(d)(1). This statute of limitations period shall run from the latest of four possible dates:

> The limitation period shall run from the latest of--
> 
> (A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;

(B) the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Craigmiles' conviction became final at the time of his completion of the direct review process or when the time for seeking such review became final. 28 U.S.C. § 2244(d)(1)(A); Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). Craigmiles was sentenced in the Charlton County Superior Court on October 8, 1998. Craigmiles did not file a notice of appeal. However, Craigmiles had thirty days in which to do so. O.C.G.A. § 5-6-38 ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of."). Thus, his conviction became final on or about November 9, 1998. Because Craigmiles' conviction became final on November 9, 1998, he had one year from that date to file a timely federal habeas petition. 28 U.S.C. § 2244(d)(1).

The applicable statue of limitations is tolled during "[t]he time . . . which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). "[A]n application is pending as long as the ordinary state collateral review process is in continuance– i.e., until the completion of that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains

pending." Carey v. Saffold, 536 U.S. 214, 219-20 (internal citations omitted). A petitioner should be mindful that "once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to section 2254 petitions. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004); see also Alexander v. Sec'y, Dep't of Corr., 523 F.3d 1291, 1294 (11th Cir. 2008) (a state court motion for post-conviction relief cannot toll the federal limitations period if that period has already expired).

Craigmiles asserts that his trial counsel has not given him copies of the case file or transcripts needed for an appeal, and that his "gravely ill mother" obtained copies from the court reporter at her own expense. Craigmiles avers that he is actually innocent of the charges to which he pled guilty, which is an exception to the procedural bar rule.

Craigmiles' petition for writ of habeas corpus is untimely. Craigmiles filed a petition for habeas corpus in the Mitchell County Superior Court on January 30, 2007[1], despite his conviction becoming final on November 9, 1998. The statute of limitations period expired years before Craigmiles filed for collateral relief in the state court, and there was no time in this Court left to toll. Craigmiles' bare assertions[2] of actual innocence are without merit. See Justo v. Culliver, 317 F. App'x 878, 880 (11th Cir.

---

[1] A pro se petitioner's state habeas corpus petition is deemed "filed" at the time the inmate deposits the petition in the prison's mail system. Taylor v. Williams, 528 F.3d 847, 851 (11th Cir. 2008). Thus, January 30, 2007, rather that February 13, 2007 (see p. 1), is the proper filing date of Craigmiles' state habeas petition.

[2] The Court rejects Craigmiles' assertion that he can show "new evidence" of his actual innocence in an as-yet filed affidavit. Craigmiles has been afforded ample opportunity to present this affidavit, and he will have the further opportunity to file Objections to this Report and Recommendation. Additionally, Craigmiles' seeming contention that he could not file an appeal without copies of the trial court records is undermined by his assertion that his mother was able to obtain copies of these records, ostensibly on Craigmiles' behalf.

2008) (noting that the Eleventh Circuit has never found an actual innocence exception to the statute of limitations period, but, to be entitled to such an exception, a petitioner would have to show factual innocence, not just "mere legal insufficiency"). In sum, Craigmiles is not entitled to his requested relief.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Craigmiles' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DISMISSED**, with prejudice, as it was not timely filed.

**SO REPORTED** and **RECOMMENDED**, this 21st day of July, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)

5